FIRST AMENDED COMPLAINT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA DWANE BACON | \| Removed from the Court of Common Pleas |
|     Plaintiff, *pro se*, | \| of Luzerne County Civil No. 2023-03307 |
| v. | \| [JUDGE MARIANI] |
| The County of LUZERNE, Pennsylvania | \| NO. 3:23-CV-01699-RDM-CA |
| Luzerne County Correctional Facility | \| Filed via US Postal Service on June 3, 2024 |

Jamie AQUILLA

William HALL

Officer HRIVNAK

Patrick KANE (Formerly identified as Officer KANE)

Christina OPRISHKO-BEYER

Kaitlynn ROMISKI

Paul RICHARDS

Officer SKIPALIS

David STEEVER

Officer SWEET

James WILBUR

Randal WILLIAMS

David WITKOSKY

FILED
SCRANTON

JUN 10 2024

PER_____
       DEPUTY CLERK

## JURISDICTION AND VENUE

    This is a civil action authorized by 42 U.S.C. § 1983 to redress the Deprivation, under color of state law, of rights secured by the Constitution of the United States of America. The Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (a)(2). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and §2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. § 2283 and § 2284 and Rule 65 of the Federal Rules of Civil Procedure. At all times during this complaint, Plaintiff was a legal citizen of the United States of America.

    The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. § 1391 (b) (2) because it is where the events giving rise to this claim occurred.

1

Plaintiff, Joshua Dwane Bacon, was at all times mentioned herein a prisoner of the County of Luzerne, Pennsylvania in the custody of the Luzerne Coutny Department of Corrections. He is currently confined at SCI-Chester, a Pennsylvania State Prison in Delaware County, Pennsylvania.

## DEFENDANTS

Defendant, Jamie AQUILLA, is a Classifications Specialist at the Luzerne County Department of Corrections who, at all times mentioned in this complaint, was responsible for determining the classifications and housing of all inmates within the facility. As such, he is responsible for the safe and appropriate housing of these inmates, especially those who are vulnerable and request protection. Jamie AQUILLA is directly responsible for housing BACON with inmate Kyle PENNINGTON, despite direct knowledge of his assaultive history, his current and former ongoing mental health status, and his prior Z-Code (single cell) status. He was assigned to this position at the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702.

Defendant, William HALL, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of OFFICER 1 and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. HALL was involved in the assault by inmate Kyle PENNINGTON.

Defendant, Officer HRIVNAK, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of OFFICER 1 and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. HRIVNAK was involved in the assault by inmate Joshua KEZIAH.

Defendant, Patrick KANE, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. KANE was involved in the decision to issue a misconduct to BACON after he was assaulted by inmate Joshua KEZIAH, as he was a ranking officer on duty.

Defendant, Christina OPRISHKO-BEYER, is the Treatment Coordinator and Facility Grievance Coordinator of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, was responsible for responding to and acting on inmate grievances,

and for the treatment and safety of all inmates in the facility. She was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702.

Defendant, Kaitlynn ROMISKI, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. ROMISKI is directly responsible for housing BACON with inmate Kyle PENNINGTON, despite direct knowledge of his assaultive history, his current and former ongoing mental health status, and his prior Z-Code (single cell) status.

Defendant, Paul RICHARDS, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of OFFICER 1 and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. HALL was involved in the assault by inmate Kyle PENNINGTON.

Defendant, Officer SKIPALIS, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of OFFICER 1 and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. SKIPALIS was involved in the assault by inmate Joshua KEZIAH.

Defendant, David STEEVER, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of Corporal and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. SKIPALIS was involved in the assault by inmate Joshua KEZIAH and had direct knowledge of KEZIAH's threats to BACON and of the threat he posed to BACON's safety, yet chose not to act on this information to keep BACON safe.

Defendant, Officer SWEET, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of OFFICER 1 and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. SWEET was involved in the assault by inmate Joshua KEZIAH.

Defendant, James WILBUR, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of Captain and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre,

PA 18702. James WILBUR was in charge of the day-to-day operations at LCCF and all other named defendants reported directly to WILBUR. This is not a case of *respondeat superior*, because WILBUR also became involved on August 26, 2021 after BACON was assaulted twice and requested a meeting to seek protection for himself. WILBUR allowed BACON to be housed in Administrative Segregation knowing that he was not necessarily safe on that unit, stating that "Title 37" [presumably referencing Pennsylvania Administrative Code Title 37 'Law (Department of Corrections - County Correctional Facilities)'] allowed him to house BACON wherever he wanted to, without regard to his safety or whether or not he felt safe in his housing environment. Additionally, WILBUR was aware that BACON was housed in Administrative Segregation for his safety, and on the very same block were inmates housed in Administrative Segregation to protect the General Population from those inmates. Quite literally, WILBUR kept the goldfish safe in the shark's tank. To make matters worse, one of those inmates was Joshua KEZIAH, who returned to Administrative Segregation after his RHU time and continued to harass and threaten BACON.

Defendant, Randal WILLIAMS, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of Lieutenant and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. BACON spoke to WILLIAMS frequently and informed him at least twice between March 31 and April 6, 2021 that he felt unsafe being housed with inmate Kyle PENNINGTON. BACON also informed him prior to July 2, 2021 that KEZIAH was attempting to extort him and threatened him with physical harm if he did not comply.

Defendant, David WITKOSKY, is a Correctional Officer of the Luzerne County Department of Corrections who, at all times mentioned in this complaint, held the rank of OFFICER 1 and was assigned to the Luzerne County Correctional Facility, located at 99 Water Street, Wilkes-Barre, PA 18702. WITKOSKY was involved in the assault by inmate Joshua KEZIAH and had previous personal knowledge of the threats KEZIAH had made to BACON and made no attempt to act on this information.

## STATEMENT OF FACTS

1. Plaintiff, JOSHUA DWANE BACON, is an adult citizen and resident of the Commonwealth of Pennsylvania. At all times material Plaintiff was a citizen therein.
2. Plaintiff was diagnosed with Autism Spectrum Disorder and Attention Deficit

Hyperactive Disorder in 2006 at the age of six by Dr. Michael Harris, a pediatrician with a practice in Kingston, Pennsylvania at the time. Plaintiff has struggled greatly throughout his childhood and adult life due to his difficulty making and keeping friends, inability to understand nonverbal cues, and overall inability to connect appropriately with his peers. He struggles to relate to others, others struggle to relate to him, and as a result, he is vulnerable and easily victimized. He is sometimes unable to understand why his conduct is inappropriate, rude, or offensive. In addition to these facts, Plaintiff is extremely susceptible to peer pressure because he wants to fit in and be accepted by his peers. When these facts are considered, it becomes obvious that Plaintiff could be easily victimized, bullied, extorted, and ostracized in a prison setting.

3. Expert testimonies from Ashley Gross, a licensed forensic psychologist, and Dr. Jeffrey Fischbein, M.D., a psychiatric expert at Commonwealth Health First Hospital in Kingston, Pennsylvania, are included as exhibits in this complaint. (In this case, these reports were previously submitted with the initial complaint and do not need to be resubmitted.)

4. Judge Michael T. Vough found Bacon Guilty But Mentally Ill upon review of these reports and expressed his concerns for Bacon's safety in prison.

5. In total, Plaintiff spent just over two years at Luzerne County Correctional Facility, and experienced constant and consistent harassment, bullying, extortion, sexual harassment, two physical assaults, several unwarranted investigations where Plaintiff was placed in the RHU without cause or due process and his privileges were severely restricted. Plaintiff's allegations will now be laid out for this court.

**FAILURE TO PROTECT -- INCIDENT #1**

6. While in Luzerne County Correctional Facility, Bacon was placed in the RHU under investigation by Defendants ROMISKI, AQUILLA, HALL, and RICHARDS on March 31, 2021, in L1-5 cell with inmate Kyle PENNINGTON.

7. Inmate Kyle PENNINGTON is an Administrative Segregation inmate who is known to be mentally unstable and highly assaultive. Bacon knew PENNINGTON from his previous block (Administrative Segregation) and knew that he would not be safe being housed with PENNINGTON. Prior to being housed with PENNINGTON, Bacon knew that PENNINGTON had assaulted several other inmates, including cellmates; had been placed

block (Administrative Segregation) and knew that he would not be safe being housed with PENNINGTON. Prior to being housed with PENNINGTON, Bacon knew that PENNINGTON had assaulted several other inmates, including cellmates; had been placed in psychiatric observation/suicide watch cells several times; had exhibited bizarre, abnormal, or inappropriate behavior including walking around the block completely nude, eating/drinking out of the toilet, and screaming incoherently at imaginary individuals; and as a result had been made a Z-Code (single cell) inmate.

9. Bacon shared his fears with Defendants HALL and RICHARDS, to which HALL replied, "[Pennington wasn't] so bad" and "He probably won't eat his own shit very often", referring literally to his tendency to eat his own feces. Bacon also witnessed HALL state to Richards, "[He] had heard [Bacon's] name around and [he] sounded like a real dickhead, and someone had to teach [Bacon] a lesson". When Bacon requested later that day to be moved to another cell, Defendant RICHARDS stated that we were both Administrative Segregation status and he didn't want to waste another cell by housing us separately.

10. On at least two occasions between March 31, 2021 at 12pm and April 5th at 10pm, Bacon spoke with Defendant WILLIAMS about his placement in the RHU and his fear of being celled with PENNINGTON, but WILLIAMS failed to act on this information appropriately. He stated that he would not move me to another cell unless there was a legitimate reason, and he did not consider PENNINGTON's mental illness to be a legitimate reason.

11. On April 6, 2024, Plaintiff was assaulted by PENNINGTON, unprovoked and likely caused by his mental illness. The officers in charge, including Defendants HALL and RICHARDS, knew that he was violent and unpredictable, knew that he was supposed to be housed by himself, and knew that Plaintiff was uncomfortable and did not feel safe being housed with PENNINGTON. This assault lasted several minutes before Defendant RICHARDS intervened, despite hearing screaming and banging sounds from his post.

12. Bacon sustained several bruises and lacerations, which were treated by medical, and was moved to another cell after the assault, but these injuries were psychologically traumatizing to him because of his Autism diagnosis, and caused him severe distress and anguish as a result.

13. Due to the psychological trauma of this assault, Plaintiff has a general distrust and fear of his cellmate(s) and fears that he might be attacked again without provocation.

**FAILURE TO PROTECT -- INCIDENT #2**

14. Plaintiff's second allegation is of failure to protect, deliberate indifference to the safety and security of Plaintiff Bacon, and deliberate indifference to the Plaintiff's mental health condition.

15. This incident occurred on July 2, 2021 at 8:30am. Inmate Joshua KEZIAH, an inmate whom staff knew had previously threatened Plaintiff physically and verbally, and whom Plaintiff had already attempted to place a separation order against, engaged in a heated verbal argument with Plaintiff Bacon because he refused to "pay him rent to live on the block", i.e. extortion. Plaintiff screamed, "Suck my fucking dick bro!" at KEZIAH, and KEZIAH responded by violently assaulting Bacon in response. Bacon did not fight back.

16. At this time there were no officers on the block, and the officers in the "control bubble" were not paying attention. By the time the officers finally responded, Plaintiff had already been seriously injured. Plaintiff's injuries included two black eyes, two teeth that are now permanently misaligned, a third tooth that was knocked out of his mouth and had to be surgically reattached, several lacerations to his face and neck, severe bruising to his jaw and cheekbones, and a fractured nose. These injuries also affected him psychologically, causing him to fear other prisoners from that point forward, forcing him to isolate himself and not socialize with others, which caused significant regression in his social skills. The incident was extremely traumatizing and humiliating for him and still to this day causes him extreme distress and fear.

17. Plaintiff was taken to medical by Defendants WITKOSKY and STEEVER, where he was given an X-Ray and emergency dental surgery to reattach his tooth that had fallen out.

18. Plaintiff believes that this assault could have been completely prevented if his cries for help had been answered by any of the Defendants that he contacted. To be clear, Bacon did contact Defendants WITKOSKY, STEEVER, SKIPALIS, HRIVNAK, WILLIAMS, and SWEET on several occasions prior to the July 2nd assault to let them know that he was afraid of KEZIAH, who presented a legitimate threat to his safety on the block. Plaintiff spoke directly to each of these defendants and let them know in plain, clear English that KEZIAH presented a legitimate threat to him, that KEZIAH was attempting

to extort him and threatened him with physical harm if he did not pay.

19. Plaintiff did write at least one request slip to Defendant STEEVER, as he was the assigned Corporal for the block (roughly equivalent to a Sergeant in rank), asking for a separation between KEZIAH and himself. Additionally, Plaintiff wrote a request slip about one week prior to Defendant AQUILLA, asking to move to Protective Custody (2C block, hereafter referred to as PC). Plaintiff firmly believes that copies of these request slips could be recovered through the discovery process.

20. In both the assault by KEZIAH and the assault by PENNINGTON, Plaintiff was incarcerated under conditions posing a substantial risk of serious harm. PENNINGTON was an inmate that should NEVER have been celled with another inmate for any reason due to his severe mental illness, history of assaults on cellmates, inmates, and staff members, and KEZIAH was an inmate who attempted to extort Bacon and threatened Bacon multiple times with physical harm if he did not comply.

21. Additionally, the named defendants knew about and disregarded an excessive risk to the Plaintiff's health and safety; in this case, the risk of assault by both PENNINGTON and KEZIAH. The defendants were both aware of the risk **AND** it is impossible that they could **NOT** have drawn the inference that harm could occur. In the case of PENNINGTON, it is impossible that the Defendants did not know that the risk of PENNINGTON assaulting his cellmate was astronomically high; hence their reasoning for making him a Z-Code. In the case of KEZIAH, the Defendants knew that he had threatened Plaintiff several times, and they knew his history and therefore the seriousness of the threat.

22. Finally, the Plaintiff's complaint clearly supports a finding that the Defendants' Deliberate Indifference caused him to suffer actual harm. In both cases, Bacon suffered physical injury, in the case of KEZIAH, these injuries were so severe that they required emergency surgery, X-Ray imaging, and he was still left with a fractured nose, bruises, and lacerations, among other injuries.

23. In addition to these physical injuries, Plaintiff has siffered psychological and emotional injuries. Bacon was and still is traumatized by these brutal assaults, and fears attack from other inmates, even years later in state prison.

## MUNICIPAL LIABILITY CLAIMS

24. Plaintiff Bacon firmly believes that the violations of his 8th Amendment rights rose to the level of municipal liability, where the County of Luzerne, Pennsylvania and, by extension, Luzerne County Correctional Facility, should be held liable for creating policies, customs and/or practices that caused his injuries. Bacon's municipal claims are not a case of *respondeat superior*, but instead shows a pattern of behavior that is permitted and accepted even at the highest levels of administration within the facility, behavior that has also been afflicted upon other inmates in similar situations, therefore creating a "custom" or "practice". (Plaintiff has included a defense of these claims in his Brief in Opposition of Defendants' Motion to Dismiss, but mistakenly did not also amend the original complaint to reflect these new factual allegations. Plaintiff is a *pro se* litigant and a legal novice, so please excuse this error.) Plaintiff reminds the court that municipalities can be held liable for customs even if they are informal or unwritten, and municipalities can be held liable for customs even if their policymakers do not have actual knowledge of them.

25. Plaintiff's third allegation is of municipal liability arising from the *Failure to Protect* and *Deliberate Indifference* claims. Plaintiff states that Luzerne County and, by extension, Luzerne County Correctional Facility, have created several unofficial customs.

26. Luzerne County Correctional Facility allows the Administrative Segregation block to be used for both individuals who are in fear for their lives as well as individuals who are a threat to the security of the institution. This places those who voluntarily sign in for protection to be placed at risk.

27. In the case of the assault by KEZIAH, an inmate placed in Administrative Segregation because he was a threat to the safety of other inmates in general population, his presence inherently posed a risk to everyone who was in Administrative Segregation for their protection.

28. **Luzerne County Correctional Facility makes no distinction between those individuals in Administrative Segregation for their own protection and those involuntarily placed in Administrative Segregation because they pose a significant threat to other inmates.**

29. Luzerne County Correctional Facility does have a Protective Custody block, but this

block is only for individuals with sex-based offenses, and individuals seeking protection who do not have a sex-based offense are not permitted to live on the Protective Custody block or take Protective Custody.

30. Plaintiff's fourth allegation is also of municipal liability arising from the *Failure to Protect* and *Deliberate Indifference* claims. Plaintiff states that Luzerne County and, by extension, Luzerne County Correctional Facility, has failed to create an adequate and safe housing unit for inmates with a verified mental health diagnosis.

31. Luzerne County Correctional Facility claims they do not have a block set up for individuals with mental health issues needing additional care and support, which is a policy that has harmed Plaintiff severely.

32. If Plaintiff Bacon were allowed to live on a block similar to the RTU/SNU blocks in the state prison system, he likely could have avoided being assaulted by KEZIAH, and his quality of life would have been exponentially better.

33. Several Circuits have held that housing those with mental illnesses on the same block as inmates without mental health issues violates the Constitutional rights of both groups.

34. Bacon did inquire about the 2D block, which was designated as a "psychiatric block", but was told that he did not qualify simply because his bail exceeded the arbitrary $250,000 limit, placing him as a "maximum security inmate". **Luzerne County placed more weight on Bacon's pending criminal charges than on his verified mental health diagnosis (Autism Spectrum Disorder) that placed him at risk in prison.**

35. Plaintiff Bacon was ultimately convicted and found Guilty But Mentally Ill by Judge Michael T. Vough. This same judge ordered that the DOC place Bacon on a housing unit where he could receive psychiatric treatment. This is directly related to paragraph #30 because the municipality and its employees were Deliberately Indifferent to Bacon's mental health diagnosis.

36. Bacon was given a D-Roster status upon reception by the DOC. D-Roster is the most severe of the four mental health codes that the DOC uses, and this status grants him specific legal and policy rights and protections, such as the right to be housed on a mental health treatment block, and protection from extended RHU time or severe conditions of confinement.

37. Plaintiff's fifth allegation is also of municipal liability, instead arising from the *Mental*

*Injury caused by Wrongful Disciplinary Confinement* claims. Plaintiff states that the injuries he suffered were completely avoidable but for the practices of Luzerne County, which requires inmates accused of PREA violations to be held in the RHU pending investigation, even if the claim has no merit and the staff is aware that the claim has no merit.

38. This "policy" was later changed when Plaintiff was held on the 2A block during another frivolous PREA investigation in approximately September 2021. (This incident is not included in this suit, as no Constitutional violations occurred here, but instead Plaintiff points to this "change in policy" as proof that the policy/custom itself directly caused harm to him and could have easily been changed.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA DWANE BACON | \| Removed from the Court of Common Pleas |
| Plaintiff, *pro se,* | \| of Luzerne County Civil No. 2023-03307 |
| v. | \| [JUDGE MARIANI] |
| LUZERNE COUNTY, et al., | \| No. 3:23-CV-01699-RDM-CA |
| Defendants, | \| Filed via U.S. Mail on June 3, 2024 |

### CERTIFICATE OF SERVICE

I, JOSHUA DWANE BACON, hereby certify that on Monday, June 3, 2024, I served a copy of the foregoing, FIRST AMENDED COMPLAINT, upon the persons indicated below via First Class United States Mail:

United States District Court For The Middle District of Pennsylvania
235 N. Washington Ave.
PO Box 1148
Scranton, PA 18507-1148

Dougherty, Levanthal, & Price, LLP.
ATTN Sean P. McDonough, Esq.
75 Glenmaura National Boulevard
Moosic, PA 18501

Respectfully Submitted For Your Approval,

Joshua Bacon
SCI-Chester QN6521
500 East 4th Street
Chester, PA 19013

Smart Communications/PADOC
SCI- CHS
Name Brown
Number QN6521
PO Box 33028
St Petersburg FL 33733

RECEIVED
SCRANTON
JUN 10 2024
PER ___DJ___
DEPUTY CLERK

United States District Court
For the Middle District of PA
235 N. Washington Ave
#1148
Scranton, PA 18507-1148