IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA DWANE BACON | : |
| | : Removed from the Court of |
| Plaintiff, | : Common Pleas of Luzerne County |
| | : Civil Action No. 2023-03307 |
| | : |
| vs. | : (JUDGE MARIANI) |
| | : |
| LUZERNE COUNTY, et al. | : NO.  3:23-CV-01699-RDM-CA |
| | : |
| Defendants: | : (ELECTRONICALLY FILED) |

**LUZERNE COUNTY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

AND NOW, come the Defendants, Jamie Aquila, William Hall, Officer Hrivnak, Patrick Kane, Christine Oprishko-Beyer, Kaitlynn Romiski, Paul Richards, Officer Skipalis, David Steever, Officer Sweet, James Wilbur, Randal Williams, and David Witkowsky, (hereinafter, collectively referred to as "Luzerne County Defendants") by and through their counsel, Dougherty, Leventhal & Price, LLP and hereby make answer to the First Amended Complaint of the Plaintiff as follows:

1

## JURISDICTION AND VENUE

The allegations of three paragraphs (not numbered) in this section of Plaintiff's First Amended Complaint (hereinafter, "FAC") constitute jurisdictional allegations to which no response is deemed necessary under the Federal Rules of Civil Procedure.  Strict proof is demanded at trial.

## DEFENDANTS

Plaintiff has failed to number these paragraphs as well.  Defendants will separate their responses to each of the paragraphs identifying which Defendant they reference rather than put numbers on the paragraphs as Plaintiff does start numbering paragraphs in the next section of his FAC.

Admitted in part; denied in part.  It is admitted that Defendant Jamie Aquilla is/was an employee at the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part.  It is admitted that Defendant William Hall is/was an employee of the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part.  It is admitted that Defendant Officer Hrivnak is/was an employee of the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part.  It is admitted that Defendant Patrick Kane is an employee of the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part.  It is admitted that Defendant Christina Oprishko-Beyer is/was an employee of the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part.  It is admitted that Defendant Kaitlyn Romiski is/was an employee of the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part.  It is admitted that Defendant Paul Richards is/was an employee of the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part.  It is admitted that Defendant Officer Skipalis is/was an employee of the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part.  It is admitted that Defendant David Steever is/was an employee of the Luzerne County Correctional Facility.  The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part. It is admitted that Defendant Christina Oprishko-Beyer is/was an employee of the Luzerne County Correctional Facility. The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part. It is admitted that Defendant Officer Sweet is/was an employee of the Luzerne County Correctional Facility. The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part. It is admitted that Defendant James Wilbur is/was an employee of the Luzerne County Correctional Facility. The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part. It is admitted that Defendant Randal Williams is/was an employee of the Luzerne County Correctional Facility. The remaining allegations are denied and strict proof is demanded at trial.

Admitted in part; denied in part. It is admitted that Defendant David Witkowsky is/was an employee of the Luzerne County Correctional Facility. The remaining allegations are denied and strict proof is demanded at trial.

## STATEMENT OF FACTS

1. Admitted.

2. Denied. After reasonable investigation the Answering Defendants are without sufficient information as to form a belief as to the truth of this averment.

Strict proof is demanded at trial.

3. Denied. After reasonable investigation the Answering Defendants are without sufficient information as to form a belief as to the truth of this averment. Strict proof is demanded at trial.

4. Denied. After reasonable investigation the Answering Defendants are without sufficient information as to form a belief as to the truth of this averment. Strict proof is demanded at trial.

5. Admitted in part; denied in part. It is admitted that Bacon was involved in two physical altercations while incarcerated at the Luzerne County Correctional Facility. The remaining allegations of paragraph 5 are denied. Strict proof is demanded at trial.

## FAILURE TO PROTECT – INCIDENT #1

6. Admitted.

7. Admitted in part; denied in part. It is admitted that Bacon was housed with Pennington for a brief period of time in administrative segregation. The remaining allegations of this paragraph are denied. Strict proof is demanded at trial.

9. Denied.

10. Denied. Strict proof is demanded at trial.

11. Denied. After reasonable investigation the Answering Defendants are without sufficient information as to form a belief as to the truth of this averment. Strict proof is demanded at trial.

12. Admitted in part; denied in part. It is admitted that Bacon did suffer injury as a result of his encounter with Pennington. With regard to the remaining allegations of this paragraph, Defendants are without sufficient information to form a belief as to the true of these averments. Strict proof is demanded at trial.

13. Denied. After reasonable investigation the Answering Defendants are without sufficient information as to form a belief as to the truth of this averment. Strict proof is demanded at trial.

## FAILURE TO PROTECT - INCIDENT #2

14. Denied. The allegations and averments of this paragraph of Plaintiff's Complaint constitute legal conclusions to which no response is deemed necessary under the Federal Rules of Civil Procedure. To the extent that these allegations are deemed by the Court to be factual in nature, the same are specifically denied and strict proof is demanded at trial.

15. Denied. It is specifically denied that staff members knew Joshua Keziah had previously threatened Plaintiff. Strict proof is demanded at trial.

16. Admitted in part; denied in part.  It is admitted that as a result of the altercation in which Bacon was involved on July 2, 2021, he sustained injury.  The remaining allegations of this paragraph are denied and strict proof is demanded at trial.

17. Admitted.

18. Denied.  Strict proof is demanded at trial.

19. Denied.  After reasonable investigation the Answering Defendants are without sufficient information as to form a belief as to the truth of this averment.  Strict proof is demanded at trial.

20. Denied.  Strict proof is demanded at trial.

21. Denied.  Strict proof is demanded at trial.

22. Denied.  Strict proof is demanded at trial.

23. Denied.  After reasonable investigation the Answering Defendants are without sufficient information as to form a belief as to the truth of this averment.  Strict proof is demanded at trial.

## MUNICIPAL LIABILITY CLAIMS

24. Denied.  The allegations and averments of this paragraph of Plaintiff's Complaint constitute legal conclusions to which no response is deemed necessary under the Federal Rules of Civil Procedure.  To the extent that these allegations

are deemed by the Court to be factual in nature, the same are specifically denied and strict proof is demanded at trial.

25. Denied. The allegations and averments of this paragraph of Plaintiff's Complaint constitute legal conclusions to which no response is deemed necessary under the Federal Rules of Civil Procedure. To the extent that these allegations are deemed by the Court to be factual in nature, the same are specifically denied and strict proof is demanded at trial.

26. Denied. Strict proof is demanded at trial.

27. Denied. Strict proof is demanded at trial.

28. Denied. Strict proof is demanded at trial.

29. Denied. The protective custody block is not reserved only for individuals with sex based offenses. Strict proof is demanded at trial.

30. Denied. The allegations and averments of this paragraph of Plaintiff's Complaint constitute legal conclusions to which no response is deemed necessary under the Federal Rules of Civil Procedure. To the extent that these allegations are deemed by the Court to be factual in nature, the same are specifically denied and strict proof is demanded at trial.

31. Denied as stated. Defendant Correctional Facility does have programs in place tailored to meet the mental health needs of its residents.

32. Denied. Strict proof is demanded at trial.

33. Denied. The allegations and averments of this paragraph of Plaintiff's Complaint constitute legal conclusions to which no response is deemed necessary under the Federal Rules of Civil Procedure. To the extent that these allegations are deemed by the Court to be factual in nature, the same are specifically denied and strict proof is demanded at trial.

34. Denied. Strict proof is demanded at trial.

35. Denied. The allegations and averments of this paragraph of Plaintiff's Complaint constitute legal conclusions to which no response is deemed necessary under the Federal Rules of Civil Procedure. To the extent that these allegations are deemed by the Court to be factual in nature, the same are specifically denied and strict proof is demanded at trial.

36. Denied. After reasonable investigation the Answering Defendants are without sufficient information as to form a belief as to the truth of this averment. Strict proof is demanded at trial.

37. Denied. The allegations and averments of this paragraph of Plaintiff's Complaint constitute legal conclusions to which no response is deemed necessary under the Federal Rules of Civil Procedure. To the extent that these allegations are deemed by the Court to be factual in nature, the same are specifically denied

9

and strict proof is demanded at trial.

38.  Denied.  Strict proof is demanded at trial.

WHEREFORE, the your Defendants Jamie Aquila, William Hall, Officer Hrivnak, Patrick Kane, Christine Oprishko-Beyer, Kaitlynn Romiski, Paul Richards, Officer Skipalis, David Steever, Officer Sweet, James Wilbur, Randal Williams, and David Witkowsky respectfully pray for the entry of judgement in their favor, dismissal of the Plaintiff's First Amended Complaint, together with costs and attorney's fees associated with defending this law suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint of the Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The allegations of the First Amended Complaint against the Answering Defendants are barred by the applicable provisions of the Political Subdivision Tort Claims Act.

### THIRD AFFIRMATIVE DEFENSE

At no time were the actions of Answering individual Defendants reckless to such a degree that the Plaintiff would be entitled to punitive damages.

## FOURTH AFFIRMATIVE DEFENSE

The Answering individual Defendants are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendants at all times pertinent to this cause of action, acted in good faith.

## SIXTH AFFIRMATIVE DEFENSE

Answering individual Defendants are entitled to absolute immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendants would show that there exists no affirmative causal link between any actions on the part of the Answering Defendants and any alleged injuries suffered by the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of the injuries and/or damages about which the Plaintiff complains were caused by third parties over whom Answering Defendants have no control.

## NINTH AFFIRMATIVE DEFENSE

The alleged failure of supervisory officials to act or investigate cannot be the basis of liability.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to plead a legitimate, sufficient and/or viable official policy or custom sufficient to support municipal liability.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants did not engage in, issue or adopt a policy of custom which impaired or infringed upon the Constitutional rights of the Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

The individual Answering Defendants had no personal involvement with respect to the allegations which form the basis of Plaintiff's claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff may be barred and/or limited by the applicable provisions of the Prison Litigation Reform Act of 1997.

WHEREFORE, the Defendants Jamie Aquila, William Hall, Officer Hrivnak, Patrick Kane, Christine Oprishko-Beyer, Kaitlynn Romiski, Paul Richards, Officer Skipalis, David Steever, Officer Sweet, James Wilbur, Randal Williams, and David Witkowsky respectfully pray for the entry of judgement in their favor, dismissal of the Plaintiff's First Amended Complaint, together with costs and attorney's fees associated with defending this law suit.

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

s/Sean P. McDonough

_____
SEAN P. McDONOUGH, ESQUIRE
Attorney for Defendants
PA ID# 47428
75 Glenmaura National Blvd.
Moosic, PA 18507
Phone (570) 347-1011
Fax (570) 347-7028
smcdonough@dlplaw.com

13

## CERTIFICATE OF SERVICE

      I, SEAN P. McDONOUGH, ESQUIRE, hereby certify that on the 18th day of June, 2024, I served the foregoing, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT upon the persons indicated below as follows:

                    Via first class mail, postage prepaid;

Joshua Dwane Bacon
QN-6521
SCI-Chester
500 E. 4th Street
Chester, PA 19013
SPECIAL LEGAL MAIL -
OPEN ONLY IN PRESENCE OF INMATE

                    Respectfully submitted,

                    DOUGHERTY, LEVENTHAL & PRICE, L.L.P.

                    s/Sean P. McDonough

                    _____
                    SEAN P. McDONOUGH, ESQUIRE
                    Attorney for Defendants
                    PA ID# 47428
                    75 Glenmaura National Blvd.
                    Moosic, PA 18507
                    Phone (570) 347-1011
                    Fax (570) 347-7028
                    smcdonough@dlplaw.com