## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA DWANE BACON, | \| Removed from the Court of Common Pleas |
| Plaintiff, *pro se*, | \| of Luzerne County Civil No. 2023-03307 |
| v. | \| [JUDGE MARIANI] |
| LUZERNE COUNTY, et al., | \| NO. 3:23-CV-01699-RDM-CA |
| Defendants, | \| Filed via U.S. Mail on July 1, 2024 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes the Plaintiff, JOSHUA DWANE BACON, acting *pro se*, respectfully representing the following facts in response to the Defendants' Motion. Please note that Plaintiff has followed the template of the Defendants' Motion as closely as possible.

### JURISDICTION AND VENUE

Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and disagrees with the Defendants on this issue. There is in fact a factual dispute within this area that demands a jury trial.

### DEFENDANTS

Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and disagrees with the Defendants on this issue. There is in fact a factual dispute within this area that demands a jury trial.

### STATEMENT OF FACTS

1. Admitted. No factual dispute exists on this statement.
2. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.
3. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

4. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

5. Admitted in part; Denied in part. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

## FAILURE TO PROTECT - INCIDENT #1

6. Admitted. No factual dispute exists on this statement.

7. Admitted in part; Denied in part. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

8. Bullet point 8 is missing, so Plaintiff has chosen to also skip #8 to maintain proper formatting. It is assumed that #9 is actually paragraph #8, and so on.

9. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

10. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

11. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

12. Admitted in part; Denied in part. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

13. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

## FAILURE TO PROTECT - INCIDENT #2

14. Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and disagrees with the Defendants on this issue. There is in fact a factual dispute within this area that demands a jury trial.

15. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue. Additionally, Plaintiff will present evidence that staff members knew KEZIAH had threatened the Plaintiff, likely through depositions and/or interrogatories.

16. Admitted in part; Denied in part. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

17. Admitted. No factual dispute exists on this statement.

18. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

19. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

20. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

21. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

22. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

23. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

## MUNICIPAL LIABILITY CLAIMS

24. Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and disagrees with the Defendants on this issue. There is in fact a factual dispute within this area that demands a jury trial.

25. Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and disagrees with the Defendants on this issue. There is in fact a factual dispute within this area that demands a jury trial.

26. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

27. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

28. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

29. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue. Plaintiff can prove through discovery process that inmates without sex offenses cannot take Protective Custody. Whether or not this is actual LCCF policy remains to be determined, but if it is not a written policy, it is an unwritten policy which is so prevalent as to have the force of law, thus meeting the standards set forth in *Monell*.

30. Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and disagrees with the Defendants on this issue. There is in fact a factual dispute within this area that demands a jury trial.

31. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue. Plaintiff can prove through discovery process that LCCF does not have sufficient programs in place to meet the mental health needs of its residents.

32. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

33. Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and disagrees with the Defendants on this issue. There is in fact a factual dispute within this area that demands a jury trial.

34. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

35. Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and disagrees with the Defendants on this issue. There is in fact a factual dispute within this area that demands a jury trial.

36. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

37. Plaintiff stands on the facts contained within his First Amended Complaint ("FAC") and

disagrees with the Defendants on this issue. There is in fact a factual dispute within this
area that demands a jury trial.

38. Plaintiff disagrees with the Defendants on this issue. A jury trial is demanded on this issue.

WHEREFORE, the Plaintiff JOSHUA DWANE BACON respectfully prays for the denial
of this motion in its entirety. It is entirely too soon for a Summary Judgement motion, as the
Plaintiff has had no opportunity to obtain Discovery, which would allow him to support these
claims adequately.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

Plaintiff disagrees with this defense. Prison officials have a duty to protect those within
their custody from harm, according to *Farmer v. Brennan*. Additionally, municipalities can be
held liable for customs even if they are informal or unwritten, and municipalities can be held liable
for customs even if their policymakers do not have actual knowledge of them. Policies need not
be formal to support municipal liability, according to *Monell v. New York City Dept. Of Social
Services*.

## SECOND AFFIRMATIVE DEFENSE

Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, applies only to
state tort law claims, and not federal civil rights suits under 42 U.S.C. § 1983. "The court this
repeated its earlier decision that immunity under PPSTCA could not apply to the due process
clause claims that remained in its case. (*Mariano v. Borough of Dickson City*, 40 F.Supp. 3d
411). This defense is not applicable to this suit.

## THIRD AFFIRMATIVE DEFENSE

Punitive damages may be awarded for conduct that is outrageous because of the
defendants' evil motives or reclkess indifference to the rights of the Plaintiff. The evidence
presented will clearly support his injuries by these defendants through the discovery process to
support the awarding of punitive damages. The PA Supreme Court has held that punitive damages
may be awarded in negligence cases if the Plaintiff proves greater culpability than ordinary
negligence at trial (*Hutchison v. Luddy*, 582 PA 114). Plaintiff disagrees with this Affirmative
Defense, and intends to prove at trial that punitive damages are indeed warranted. Strict proof of
this assertion is demanded at trial.

## FOURTH AFFIRMATIVE DEFENSE

Qualified immunity only applies to prison officials sued in their individual capacities for money damages. It does not protect municipalities or prison officials sued in their official capacities, and it does not apply to claims for injunctive relief. Qualified immunity does not protect prison officials if they violate "clearly established statutory or Constitutional rights of which a reasonable person would have known". The failure to protect standards set out in *Farmer* are clear-cut and the duty to protect is obvious to any correctional employee. The municipal claims are not eligible for qualified immunity and therefore no other defense is required.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff disagrees that the Defendants acted in good faith, and intends to prove this at trial. Strict proof of this assertion is demanded at trial.

## SIXTH AFFIRMATIVE DEFENSE

Defendants are not entitled to absolute immunity. Absolute immunity is extended only to judges, legislators, prosecutors, and police officers, which none of the Defendants are. No such defense exists here.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff disagrees and instead believes there is in fact a strong causal link between actioons taken on the part of the Defendants and actual injuries suffered by the Plaintiff. Plaintiff intends to prove this at trial, and strict proof of this Affirmative Defense is demanded at trial.

## EIGHTH AFFIRMATIVE DEFENSE

None of the injuries or damages were caused by third parties over whom the Defendants have no control. While it is true that the two assaults were committed by inmates, the Defendants listed were charged with a duty to protect and failed to do so, and are therefore liable. Plaintiff intends to prove this at trial, and strict proof of this Affirmative Defense is demanded at trial.

## NINTH AFFIRMATIVE DEFENSE

This Affirmative Defense refers to *respondeat superior*, which is **NOT** the basis of the municipal liability claims. Plaintiff has laid out specific allegations against the County of Luzerne and Luzerne County Correctional Facility which he intends to prove at trial, and strict proof of this Affirmative Defense is demanded at trial.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's FAC does in fact plead several legitimate, sufficient, and/or viable policies or

customs sufficient to support municipal liability. Municipalities may be held liable for the lack of adequate policies if their absence amounts to deliberate indifference. Policies need not be formal to support municipal liability, as set forth in *Monell*. Cities and counties may be liable for Constitutional violations caused by a "custom or usage" that is "so permanent and well-settled" as to have "the force of law". Many courts have held that municipalities can be held liable for customs even if their policymakers do not have actual knowledge of them (*Baron v. Suffolk County Sheriff's Dept*).

### ELEVENTH AFFIRMATIVE DEFENSE

As stated above, Plaintiff disagrees and instead states Luzerne County and Luzerne County Correctional Facility did engage in and/or adopt policies, both official and unofficial, or failed to engage in and/or adopt policies that were necessary, which as a result, infringed upon the Constitutional Rights of the Plaintiff. Plaintiff intends to prove this at trial, and strict proof of this Affirmative Defense is demanded at trial.

### TWELVETH AFFIRMATIVE DEFENSE

Plaintiff disagrees with this Affirmative Defense, and intends to prove this at trial. Strict proof of this assertion is demanded at trial.

### THIRTEENTH AFFIRMATIVE DEFENSE

None of the claims made in this Complaint are barred or limited by the Prison Litigation Reform Act of 1997. Plaintiff made all possible attempts to complete the grievance processes at Luzerne County, but these processes were made unavailable to him in many ways. Grievance forms were often unavailable to him and staff refused to obtain them for him. Grievances written on plain paper were returned unread for noncompliance with grievance procedures. Grievances that were filed were often unanswered for months, or in many cases, no answer was EVER received. Defendant OPRISHKO-BEYER failed to appropriately perform her job duties as grievance coordinator. In *Ross v. Blake*, the court ruled that "An inmate must exhaust available remedies, but need not exhaust unavailable ones." Plaintiff asserts that Luzerne County and Luzerne County Correctional Facility rendered their grievance procedures completely unavailable through manipulation and machination, and as such, this Affirmative Defense is invalid. If Defendants wish to bring this Affirmative Defense at trial, strict proof of this claim will be demanded.

Respectfully Submitted For Your Consideration,

Joshua Bacon

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA DWANE BACON, | \| Removed from the Court of Common Pleas |
| Plaintiff, *pro se*, | \| of Luzerne County Civil No. 2023-03307 |
| v. | \| [JUDGE MARIANI] |
| LUZERNE COUNTY, et al., | \| NO. 3:23-CV-01699-RDM-CA |
| Defendants, | \| Filed via U.S. Mail on July 1, 2024 |

## CERTIFICATE OF SERVICE

I, JOSHUA DWANE BACON, hereby certify that on Monday, July 1, 2024, I served a copy of the foregoing, PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES, upon the persons indicated below via U.S. Mail:

United States District Court for the Middle District of Pennsylvania

235 N. Washington Ave

PO Box 1148

Scranton, PA 18507-1148

**Dougherty, Levanthal, & Price, LLP**

**Attorney Sean P. McDonough**

**Was NOT served with a copy of this document pursuant to the reduced copies motion that**

**was approved.**

Respectfully Submitted For Your Consideration,

Joshua Bacon

Smart Communications/PADOC

SCI- *CHS*

Name *Bacon*

Number *QN6521*

PO Box 33028

St Petersburg FL 33733

RECEIVED
SCRANTON

JUL 05 2024

PER _____
DEPUTY CLERK

United States District Court
Middle District of Pennsylvania
235 N. Washington Ave
Po Box 1148
Scranton, PA 18507-1148

18501-114848

US POSTAGE ™PITNEY BOWES

PHILADELPHIA PA 19

2 JUL 2024 PM 5 L

ZIP 19013 $ 000.88
02 4W
0000359303 JUL 01 2024