# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA BACON, | \| NO. 3:23-CV-01699-RDM-CA |
| Plaintiff, *pro se*, | \| [JUDGE MARIANI] |
| v. | \| |
| LUZERNE COUNTY, et al., | \| |
| Defendants, | \| Filed via U.S. Mail on July 24, 2024 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS

AND NOW, comes the Plaintiff, JOSHUA DWANE BACON, acting *pro se*, respectfully representing the following facts in response to the Defendants' Motion. Plaintiff's bullet point numbers line up with the Defendants' numbers on their requests. Plaintiff has requested additional time to respond to these requests, but will respond to the ones which he can answer now, and to the rest will state whether additional time is needed or whether a more clear request is needed.

TO THE DEFENDANTS' COUNSEL: As the Plaintiff is an Autistic individual, and struggles greatly with vague open-ended questions, he has answered all questions to the best of his abilities, but requests moving forward that specific, targeted, easy to comprehend questions and requests are provided by the Defendants so he can comply more readily with these requests. Plaintiff does not want to perjure himself in any way, but this should serve as a warning to the Defendants -- Mr. Bacon cannot and should not be held liable for questions misunderstood, not understood, not answered correctly or fully, information omitted from responses, etc, and Defendants are asked to do their part to make the discovery process as accessible as possible to Mr. Bacon.

1. Plaintiff will submit a signed, sworn, notarized (if possible) statement of all facts claimed within this complaint by approximately September 9, 2024.
2. Plaintiff will provide Defendants with signed healthcare disclosures. These disclosures wil be limited only to information pertaining to mental health, with the exception of the medical records from Luzerne County Jail, which will be fully disclosed. However, with

respect to the records from Luzerne County Jail, Plaintiff reserves the right to have information not relevant to the lawsuit removed from the official record. If this is a problem, these records could be reviewed *in camera*, or the parties could agree to the scope of the review. This is only to omit any irrelevant health information from being disclosed unnecessarily.

3. Plaintiff has no photographs, as he was an inmate. Plaintiff plans to request to obtain the following photographs through Defendants' Discovery -- detailed color photographs of the following:

    a) At least one empty RHU cell on L1 block (two man cell) and L2 block (single man cell), including all angles, photos of all walls, cell window, and outside view/outside natural light, photo of in-cell intercom (if any), photo of door to clarify if there is glass in the window of the door;

    b) As a frame of reference, at least one empty cell on 5A block, including all angles, photos of all walls, cell window, and outside view/outside natural light, photo of in-cell intercom (if any), photo of door to clarify if there is glass in the window of the door;

    c) Photos of the block/hallway on both RHU L1 and L2, RHU holding cage, RHU showers, and RHU yard area/cages;

    d) As a frame of reference, photos of the 5A block, including all seating areas, all common areas, all windows, phones, tablet charging stations, on-unit intercoms, control center/"bubble", showers, windows (specifically displaying the outside view, and the amount of natural light, so preferably taken during daytime hours), rooftop yard area from several angles;

4. This request is far too vague to respond to. I believe it is similar to #1 and have nothing to produce at this time. A more specific request is requested.

5. Expert reports by Dr. Jeffrey Fischbein and Ms. Ashley Gross have been provided regarding Plaintiff's Autism diagnosis, and were served with the initial complaint. Additionally, Plaintiff has retained an expert witness in the field of Autism, whom he intends to use to testify to the effects of solitary confinement on an individual with Autism. However, because Plaintiff is *pro se*, this expert cannot visit him or contact him privately without court approval first, and this approval is being sought. Once this report is produced, it will be served upon the Defendants voluntarily, without any need to request it

from Plaintiff again. However, more time is required on this request.

6. Production of medical and/or security records from LCCF will support documentation of physical injuries from the two assaults. Discovery requests for these documents have been sent, and HIPAA forms will be completed and sent to Defendants immediately. As for mental anguish, Plaintiff is unsure how to proceed here and requests more clear statements from the Defendants.

7. As of now, Plaintiff's legal fees are as follows: approximately $180 filing fee for the Luzerne County Court of Common Pleas, approximately $605 filing fee for the Third Circuit Appeal Court, approximately $200 spent in making copies of the initial complaint for service (receipt from UPS store can be furnished, but this will take time), approximately $100 spent on institutional photocopying and printing services (PA RTKL requests will be needed to obtain these receipts), approximately $60 spent on Certified Mail receipts (can be furnished upon request at a later date). Cumulative total expenses are about $1145.00, including unpaid IFP fees which will eventually be paid. Plaintiff will calculate and serve exact costs at a later date closer to trial, mediation, arbitration, or settlement.

8. Plaintiff is incarcerated and has no access to recording devices. Plaintiff intends to request the following footage from Defendants, which should have been preserved:
   a) Video footage from 5A block on 7/2/21 between approximately 0730 and 0830, which is when the assault by Keziah occurred.

9. Plaintiff had several notebooks where he kept track of the events as they occurred in Luzerne County, however, he was informed that he could not bring them with him to state prison. They were sent to his parents' home via US Mail, however, his parents never received the notebooks. Plaintiff has been in contact with the Postmaster General attempting to locate said notebooks. They were sent out of Luzerne County Jail in a manila envelope with about $10 in stamps in approximately January 2022. Requesting extensive additional time to determine the status of these notebooks. I'm also not sure how I would get them sent into the prison -- they would likely have to be photocopied page by page and sent as mail.

10. Plaintiff is unsure of how to respond to this question. I believe I have answered this throughout my other responses and my own discovery requests. A more specific request is

requested.

11. **Objection.** I see no reason why this request is relevant to the scope of this lawsuit.

12. Plaintiff is happy to comply with this request, and will provide documentation going as far back as 20+ years, but additional time is requested on this issue. Mr. Bacon has been seen by many doctors, psychologists, psychiatrists, behavioral health specialists (BSC), therapeutic support specialists (TSS), pediatricians, and other relevant experts, and would like to provide as much documentation as possible to support his Autism and ADHD diagnoses, as they are central to his suit and should not be disputed.

Respectfully Submitted For Your Consideration,

Josh Bacon

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA DWANE BACON, | \| NO. 3:23-CV-01699-RDM-CA |
| Plaintiff, *pro se*, | \| [JUDGE MARIANI] |
| v. | \| |
| LUZERNE COUNTY, et al., | \| |
| Defendants, | \| Filed via U.S. Mail on July 24, 2024 |

### CERTIFICATE OF SERVICE

I, JOSHUA DWANE BACON, hereby certify that on Wednesday, July 24, 2024, I served a copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS** upon the persons indicated below via United States Mail:

United States District Court for the Middle District of Pennsylvania
235 N. Washington Ave
PO Box 1148
Scranton, PA 18501

Dougherty, Levanthal, & Price, LLP
ATTN Sean P. McDonough, Esq.
75 Glenmaura National Boulevard
Moosic, PA 18507

Respectfully Submitted For Your Consideration,

*Josh Bacon*



Smart Communications/PADOC
SCI- CHS
Name Bacon
Number QN6521
PO Box 33028
St Petersburg FL 33733

RECEIVED
SCRANTON
JUL 29 2024
PER _____ DEPUTY CLERK

PHILADELPHIA PA 190
25 JUL 2024 PM 10

US POSTAGE ᴍᴘITNEY BOWES
$ 000.69⁰
ZIP 19013
02 4W
0000359303 JUL 25 2024

United States District Court
Middle District of PA
235 N Washington Ave
PO Box 1148
Scranton, PA 18501-1148

18501-114848