IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA DWANE BACON, | : | Civil No. 3:23-cv-1699 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| LUZERNE COUNTY, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff Joshua Bacon ("Plaintiff"), an inmate confined at the State Correctional Institution, Chester, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Presently pending before the Court is Plaintiff's motion for appointment of counsel. (Doc. 63). For the reasons set forth below, the Court will deny the motion without prejudice.

### II. Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made

1

when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

(1) the plaintiff's ability to present his or her own case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
(4) the plaintiff's capacity to retain counsel on his or her own behalf;
(5) the extent to which the case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 F. App'x 153 (3d Cir. 2007).

In this case, Plaintiff has clearly demonstrated that he is fully capable of litigating this case on his own. His filings are both literate and comprehensible, and cite to relevant legal

authority, thereby revealing that he has access to and utilizes legal research materials. Although he expresses concern about an upcoming deposition, at this juncture, Plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. Plaintiff has prepared an amended complaint in this matter, as well as submitted and opposed motions and prepared and served discovery requests. While the Court is aware of the constraints on Plaintiff due to his incarceration, there is no indication he is unable to adequately prosecute his action. Moreover, the Court notes that it does not have a large group of attorneys who would represent this action in a *pro bono* capacity. For all of these reasons, the motion for appointment of counsel will be denied without prejudice at this time. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either *sua sponte* or upon a properly filed motion. *See Tabron*, 6 F.3d at 15-67.

      A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 2, 2024