IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA DWANE BACON,           :        Civil No. 3:23-cv-1699
                              :
            Plaintiff         :        (Judge Mariani)
    v.                        :
                              :
LUZERNE COUNTY, *et al.*,     :
                              :
            Defendants        :

## MEMORANDUM

Plaintiff Joshua Bacon ("Bacon"), an inmate in the custody of the Pennsylvania

Department of Corrections ("DOC"), commenced this civil rights action pursuant to 42

U.S.C. 1983. The matter is proceeding via a second amended complaint. (Doc. 78). By

Memorandum and Order dated June 30, 2025 (Doc. 116, 117), Defendants' partial motion

to dismiss was granted in part and denied in part. Before the Court is Bacon's motion (Dc.

119) for reconsideration of that Memorandum and Order.

This Court's June 30, 2025 Memorandum and Order dismissed the following claims:

(1) the claims against the Luzerne County Correctional Facility; (2) three of the four *Monell*[1]

claims against Luzerne County; (3) the Fourteenth Amendment substantive due process

claim; (4) the claims against Defendants Rockovich, Hyder, Pedri, and Crocamo; and (5) the

claims for declaratory and injunctive relief. (Docs. 116, 117). That same Memorandum and

Order also permitted the following claims to proceed: (1) one of the *Monell* claims against

_____

[1]   *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

Luzerne County; (2) the Fourteenth Amendment procedural due process claim; and (3) the claims against Defendants Mulhorn and Schloss. (*Id.*).

Presently, Bacon seeks reconsideration of the Court's dismissal of the following two claims: (1) the second *Monell* claim—"the policy [or lack of a policy] that does not offer a process to identify pretrial detainees who may 'decompensate' in solitary confinement"; and (2) the Fourteenth Amendment substantive due process claim. (Docs. 119, 120, 128).

For the reasons set forth below, the Court will deny the motion.

## I.    <u>Legal Standard</u>

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is also appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in*

*part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of…[n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat. Bank,* 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted). Reconsideration of a judgment is an extraordinary remedy, and the court grants such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## II.    Discussion

### A.    *Monell* Claim

Upon careful consideration of the record, the Court finds no basis for altering its determination that the above-referenced *Monell* claim should be dismissed. In his motion, Bacon argues that reconsideration is warranted because the Court misunderstood some of his arguments. (Docs. 119, 128). Although a court may reconsider its prior order when the court has patently misunderstood a party's argument, the substance of Bacon's motion for reconsideration shows that the Court did not misunderstand his earlier argument. Bacon takes issue with the Court's reasoning for dismissal of this *Monell* claim. (Doc. 119; Doc. 120, at 1-4). Rather than seeking to correct a misunderstanding, Bacon's motion actually asks the Court to review the same claim and reach a different conclusion, which is not a proper basis for reconsideration.

Bacon's reconsideration request with respect to the *Monell* claim offers no facts or arguments which would undermine any of the conclusions set forth in the detailed June 30, 2025 Memorandum and Order.  He fails to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent.  The Court will deny Bacon's motion for reconsideration regarding dismissal of the *Monell* claim.

B.    Fourteenth Amendment Substantive Due Process Claim

Bacon next requests that the Court reconsider dismissal of the substantive due process claim or grant him leave to amend this claim.  (Doc. 119; Doc. 120, at 5-7; Doc. 128, at 2-3).  He asserts that during his August 22, 2025 deposition, he provided sufficient factual detail about the conditions of solitary confinement.  (Doc. 128, at 2-3).  He thus argues, *inter alia*, that he should be afforded the opportunity to amend the substantive due process claim.  (*Id.*).

First, Bacon's deposition testimony does not constitute the type of new evidence warranting reconsideration because the factual details of Bacon's own testimony were previously available to him.  Bacon acknowledges that the matter is proceeding on his second amended complaint, and he has been afforded prior opportunities to amend his claims.  (*Id.*).  The factual allegations set forth by Bacon in his deposition could have been included in any of his prior amended complaints.

Second, Bacon indicates that he wishes to "clarify" the facts he alleged in his second amended complaint and the arguments in his brief in opposition to Defendants' partial

motion to dismiss.  (Doc. 119, at 2 (stating that Bacon "is offering additional clarification to help the court understand his position"); Doc. 120; Doc. 128).  However, a motion for reconsideration is not a means to get a "second bite at the apple."  *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010).

Bacon's instant arguments fail to meet the narrowly defined factors set forth above because they do not identify an intervening change in controlling law, provide any evidence that was not previously available, or show the need to correct a clear error of law or prevent manifest injustice.  *See United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003) (a successful motion for reconsideration requires the movant to demonstrate a "definite and firm conviction that a mistake has been committed[,]" or that the court overlooked arguments that were previously made).  Bacon's arguments are insufficient to warrant reconsideration of dismissal of the substantive due process claim.

## III.  Conclusion

For the foregoing reasons, the Court will deny Bacon's motion for reconsideration. (Doc. 119).  A separate Order shall issue.


Robert D. Mariani
United States District Judge


Dated: January ___, 2026